**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| BROWNS CANYON CORPORATION<br>103 Foulk Road, Suite 222<br>Wilmington, Delaware 19803,<br><br>AND<br><br>MANAGEMENT RECRUITERS<br>INTERNATIONAL, INC.<br>1717 Arch Street, 35th Floor<br>Philadelphia, Pennsylvania 19103<br><br>        Plaintiffs,<br><br>  v.<br><br>MANAGEMENT REGISTRY, INC.,<br>1868 Campus Place<br>Louisville, Kentucky 40299,<br><br>        Defendant. | Case No.<br><br>Judge |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND
UNFAIR COMPETITION**

Browns Canyon Corporation and Management Recruiters International, Inc. (hereinafter collectively "MRI") bring this action for trademark infringement and unfair competition against Management Registry, Inc. ("Defendant").

**PARTIES**

1.  Browns Canyon Corporation ("BCC") is a corporation organized and existing under the laws of Delaware, having an address of 103 Foulk Road, Suite 222, Wilmington, Delaware 19803.

2. Management Recruiters International, Inc. ("MRI"), is a corporation organized and existing under the laws of Delaware, having an address of 1717 Arch St., 35th Floor, Philadelphia, Pennsylvania 19103.

3. BCC has licensed MRI the use of certain of its trademarks and trade names, including marks and names that contain and comprise "MRI". This license is exclusive to MRI.

4. Defendant Management Registry, Inc. ("Defendant") is a corporation organized and existing under the laws of Kentucky, located and doing business at 1868 Campus Place, Louisville, Kentucky 40299.

## JURISDICTION AND VENUE

5. This is an action for trademark infringement and unfair competition arising under the *Lanham Act*, 15 U.S.C. §§ 1051, *et seq.*

6. This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332, and 1338.

7. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391. Defendant has committed acts of trademark infringement and unfair competition in the nature of trademark infringement in this District by offering its services in Cincinnati and elsewhere in commerce.

## FACTUAL BACKGROUND

8. MRI is and has been engaged in employment agency and related services, and has built a successful business in connection therewith.

9. Since at least as early as 1968, BCC, through its predecessors in interest and title and related companies (hereinafter collectively referred to as "BCC") has continuously used MRI

as a mark and name and as the dominant component of marks and names for its employment agency and related services. Examples of such use are attached as Exhibit A.

10. Since the initial use of the MRI name and mark as early as 1968, BCC has made a substantial investment in advertising and promoting employment agency and related services under the MRI name and mark, including through the MRINetwork of franchisees that operate under license from MRI granted under its license from BCC.

11. BCC is the owner of U.S. Trademark Registration Nos. 2,014,763 and 2,014,764 for the MRI mark. These registrations are valid, subsisting, and incontestable. A copy of the pertinent information about each of such registrations from the U.S. Patent and Trademark Office (PTO) database showing status and title is attached as Exhibit B.

12. MRI's franchised offices use the MRI marks and names pursuant to license and under the direction and control of MRI and promote their affiliation with the MRI Network as one of the world's largest and most successful search and placement organizations. Examples of use of MRI marks and names by MRI and its franchisees are attached as Exhibit C.

13. The full nature and extent of MRI's use of the MRI marks and names under license from BCC can be seen at the website www.mrinetwork.com.

14. BCC's related company, MRI, and its related companies (hereinafter collectively, "MRI") serve a wide range of industries by providing employment agency services including search and placement and related services under the MRI marks and names, including in the government and civil services sector.

15. MRI, under license from BCC, has extensively and continuously used, advertised, promoted, and offered employment agency and related services using the MRI marks and names, to the relevant public and through various channels of trade in commerce, since at least as early

as 1968, with the result that the relevant public and trade have come to know and recognize the MRI marks and names as marks and names associated with MRI's employment agency and related services.

16. The MRI marks and names are distinctive as applied to the services MRI renders under such marks and names.

17. MRI, itself and through related companies, has built extensive goodwill in connection with the MRI marks and names for employment agency and related services and its business.

18. Defendant commenced use of "MRI" as the dominant element of its mark and name in such a manner that the MRI element is positioned to attract attention in connection with employment agency services and particularly search and placement services in Cincinnati, Ohio and elsewhere in commerce long after the first use and registration of the MRI marks owned by BCC and used under license by MRI. The use of MRI by Defendants can be seen in Exhibit D.

19. Defendant has used, advertised, promoted, and offered employment agency and related services for the government and civil service sectors using this MRI mark and name in this District and elsewhere, through the same types of trade channels as are employed by MRI and its related companies.

20. Defendant is not licensed or authorized by MRI, nor is it permitted to offer, advertise, market, or render employment agency services, including search and placement services, using MRI as a mark or name or component of a mark or name.

21. MRI, on becoming aware of the use of MRI as a mark and name by Defendant as shown in Exhibit D, wrote Defendant on May 22, 2015 and requested that Defendant cease use

of MRI as a mark and name and component of a mark and name. Defendant did not respond to this letter. *See* attached Exhibit E.

22. On June 16, 2015, MRI wrote a follow-up letter to Defendant and again requested that Defendant cease use of MRI as a mark and name and component of a mark and name. Defendant responded to this letter on June 30, 2015. *See* attached Exhibit F.

23. The parties thereafter engaged in settlement discussions through the end of October, 2015. No resolution was reached. On or about July 27, 2015 Defendant modified its use of MRI to the form MRInc as shown in attached as Exhibit G.

24. MRI has objected to the use of the MRInc mark and name by Defendant as shown in Exhibit G.

25. As of the date of this filing, Defendant continues to offer and render employment agency services under the mark and name MRInc.

## CLAIM I - TRADEMARK INFRINGEMENT

26. The allegations of the preceding paragraphs of the Complaint are incorporated herein by reference.

27. This is a claim for trademark infringement of MRI's federally registered trademarks in violation of 15 U.S.C. § 1114.

28. The use of MRI and MRInc by Defendant is use of a mark and name which is likely to cause confusion with MRI's registered MRI marks as to the source of the services and as to Defendant's affiliation with or sponsorship by MRI.

29. Defendant's MRI and MRInc marks and names incorporate the entirety of MRI's registered MRI marks, differing only by the abbreviation "nc" in smaller letters adjacent to the predominant element MRI in the MRInc mark and name.

30. The employment recruiting services Defendant provides are closely related to the services provided in connection with the MRI marks, since both Defendant and MRI and its related companies offer employment agency services and particularly search and placement services.

31. Defendant's services offered and rendered under its MRI and MRInc marks and names and MRI's employment agency services are offered to overlapping classes of customers in overlapping markets through overlapping channels of trade.

32. Members of the relevant public and trade are accordingly likely on seeing Defendant's MRI and MRInc marks and names in connection with employment agency services and particularly search and placement services to assume that the services are rendered by or under license from or in affiliation with MRI.

33. Use of MRI and MRInc by Defendant accordingly violates MRI's rights in the registered MRI marks.

34. MRI cannot control the nature or quality of the services rendered under the MRI and MRInc marks and names and the continued use of such marks and names accordingly irreparably damages Plaintiffs and the goodwill Plaintiffs have established for the registered MRI marks.

35. The use and continued use of MRI and MRInc by Defendant is willful, and undertaken and continued in bad faith.

36. MRI has no adequate remedy at law.

**CLAIM II - UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)**

37. The allegations of the preceding paragraphs of the Complaint are incorporated herein by reference.

38. This is a claim for unfair competition in the nature of trademark infringement in violation of 15 U.S.C. § 1125(a).

39. Defendant's MRI and MRInc marks and names complained of herein is, as used, are confusingly similar to the MRI marks and names of MRI in sound, appearance and commercial impression. Such use unlawfully exploits the commercial value MRI has developed in the MRI marks and names, and is likely to cause confusion, or to cause mistake, or to deceive as to Defendant's affiliation or association with MRI and as to the sponsorship or approval of Defendant's services by MRI.

40. The MRI and MRInc marks and names incorporate the whole of the MRI mark and name and adds the abbreviation "nc" in adjacent smaller letters. The addition of the abbreviation "nc" to the MRI mark and name does nothing to obviate the close similarity between the parties' marks and names, especially since MRI is known as a provider of employment agency services.

41. The employment recruiting services Defendant provides are closely related to the services provided in connection with the MRI marks, since both Defendant and MRI offer employment agency services and particularly search and placement services.

42. Defendant's services offered and rendered under its MRI and MRInc marks and names and MRI's employment agency services are offered to overlapping classes of customers in overlapping markets through overlapping channels of trade.

43. Defendant's use of the MRI and MRInc marks and names in connection with its employment recruiting and placement services is likely to cause and is causing MRI substantial and irreparable injury, depriving MRI of the right to control the use of the MRI marks and names

and to determine the manner in which the MRI marks and names are represented to the general public.

44. Defendant's use of the MRI and MRInc marks and names in connection with employment recruiting and placement services is in bad faith, willful and intentional.

45. MRI has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Browns Canyon Corporation and Management Recruiters International, Inc. respectfully requests that this Court:

1. Enter judgment in their favor and against Defendant on the Complaint;

2. Permanently enjoin and restrain Defendant, its agents, employees and all other persons in active concert or participation with Defendant and that receive actual notice of this injunction from:

    a. Use of the MRI and MRInc marks and names, and any mark or name which contains or comprises "MRI" in connection with employment agency and any related goods and services and business;

    b. Use of the MRI" and "MRInc marks and names, and any mark or name which contains or comprises "MRI" in connection with any online activity or social media accounts, and to take steps to remove, cancel, or surrender all domain names, email addresses, Internet keywords, social media usernames, Facebook pages, YouTube posts or pages, and any other online presence that incorporates or references "MRI"; and

    c. Engaging in any other conduct that causes, or is likely to cause, confusion, mistake, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or

8

approval of their services with MRI, MRI's goods or services or business, or its MRI marks and names.

3. Order an accounting against Defendant for all profits received from the sale of services, directly or indirectly, in connection with, advertised, or promoted in any manner, by use of the mark and name MRI and MRInc;

4. Award Plaintiff its attorneys' fees, costs, and disbursements pursuant to 15 U.S.C. § 1117; and

5. Grant such further relief as this Court deems just and appropriate.

Respectfully submitted,

REMINGER CO., L.P.A.

*/s/ Michael M. Mahon*
Michael M. Mahon, Esq. (0087296)
525 Vine Street, Suite 1700
Cincinnati, Ohio 45202
Telephone:	(513) 721-1311
Telecopier:	(513) 721-2553
Email:  mmahon@reminger.com
*Attorney for Plaintiffs*